# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

JOHNNY THOMPSON (#89353)             CIVIL ACTION

VERSUS

MS. SHERYL RANATZA            NO. 17-0235-JWD-EWD

## **NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on August 17, 2018.

                                                **ERIN WILDER-DOOMES**
                                                **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOHNNY THOMPSON (#89353)                                CIVIL ACTION

VERSUS

MS. SHERYL RANATZA                                      NO. 17-0235-JWD-EWD

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is Defendant's Motion to Dismiss (R. Doc. 17).   This Motion is opposed.

*Pro se P*laintiff, an inmate incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Ms. Sheryl Ranatza, Chairman of the Louisiana Board of Pardon and Parole, complaining that his constitutional rights have been violated by Defendant's failure to properly evaluate and consider his past history, his prison record, and his achievements during the period of his incarceration in assessing his 2016 application for a "full pardon."   Specifically, Plaintiff asserts that he is a "first time violent offender," that he has completed many rehabilitative programs while in prison, that he has learned a trade in "graphic communications" while incarcerated, and that he hasn't had "any disciplinary write-ups in approximately six-years."   He asserts that Defendant Ranatza has "disregarded all [his] accomplishments" and "only considered [his] previous convictions which … will never change." Plaintiff further asserts that Defendant Ranatza has failed to comply with applicable procedural rules – specifically La. R.S. 15:574.3 and 574.4 – that govern documentation and reports that Plaintiff asserts should have been provided to the Board of Pardon and Parole by the Louisiana Department of Public Safety and Corrections in connection with his pardon application.   Plaintiff

asserts that this has resulted in unfairness and in a denial of due process in the evaluation of his pardon application, and he prays for "a fair opportunity to be heard from the Pardon and Parole Board," taking into account his "rehabilitated situation and accomplishments."

In response to Plaintiff's Complaint, Defendant Ranatza asserts, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, that Plaintiff has failed to state a claim upon which relief may be granted. In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court addressed the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss pursuant to Rule 12(b)(6). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly, supra*, at 555. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal, supra*, 556 U.S. at 678, *quoting Bell Atlantic Corp. v. Twombly, supra*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. It follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id*. at 679. "Where a Complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. at 678 (internal quotation marks omitted).

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Further, "[a] document filed *pro se* is 'to be liberally construed' ... and 'a *pro se* Complaint, however inartfully pleaded, must be held to less stringent standards than formal

pleadings drafted by lawyers.'" *Id.* (citation omitted). Even a *pro se* complainant, however, must plead "factual matter" that permits the court to infer "more than the mere possibility of misconduct." *Ashcroft v. Iqbal, supra,* 556 U.S. at 678. The court need not accept "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "naked assertions [of unlawful conduct] devoid of further factual enhancement." *Ashcroft v. Iqbal, supra*, 556 U.S. at 678 (internal quotation marks omitted).

The Court concludes that Plaintiff's Complaint fails to state a claim cognizable under 42 U.S.C. § 1983. In the first place, with regard to Plaintiff's assertion that Defendant Ranatza has failed to follow state procedural rules by failing to obtain or secure required reports and documentation relative to Plaintiff's history and purported rehabilitation, a federal court does not concern itself with claims that a state official has failed to correctly follow state law. Specifically, under § 1983, a federal court is solely concerned with claims involving the alleged violation of federal law or the deprivation of rights secured by the United States Constitution. Further, it appears that Plaintiff has misinterpreted the procedural rules governing pardon applications in any event. Whereas La. R.S. 15:574.3, cited by Plaintiff, provides that a report outlining an offender's relevant history shall be prepared by the Department of Public Safety and Corrections whenever a hearing is scheduled in connection with an application for *parole*, *see* La. R.S. 15:574.3(B), the same requirement is not apparently imposed in connection with an application for a pardon or commutation. In this regard, section (C) of La. R.S. 15:574.3 only provides that in such instance, the Department shall provide "such reports … that may be *requested*" by the Board of Pardons. (Emphasis added). This is further consistent with the procedural rules applicable specifically to pardon applications. *See* La. R.S. 15:572.5(A), which provides that, "*[u]pon request* of the Board of Pardons, the Department of Public Safety and Corrections shall provide … such records … that

may be requested" in connection with a pardon application. (Emphasis added). This language suggests that Defendant Ranatza had discretion to request or obtain documentation regarding Plaintiff's pertinent history in evaluating his pardon application but was not required to do so.[1] *See also Richey v. Hunter*, 407 So.2d 427, 430 (La. App. 1 Cir. 1981) (concluding that the Board of Pardon has discretion to deny pardon applications without scheduling a hearing and that such denials do not violate state or federal due process requirements). Finally, even were this Court to conclude that Defendant Ranatza failed in some way to follow appropriate state procedures in connection with Plaintiff's pardon application, Plaintiff's request that this Court compel her to follow such procedures is not properly before the Court. In this regard, a federal district court lacks jurisdiction to review actions in the nature of mandamus to compel state officers or employees to perform duties owed the plaintiff. *See, e.g., Samuels v. Emanuel,* No. 13-2775-P, 2014 WL 50851, *2 (W.D. La. Jan. 7, 2014), *citing Rothstein v. Montana State Supreme Court*, 637 F. Supp. 177 (D. Mont. 1986).

Turning to Plaintiff's claim that his constitutional right to substantive due process has been violated by the failure of Defendant to properly consider and evaluate his pardon application, taking into account his efforts at rehabilitation while incarcerated, this claim fares no better. As stated in *Robinson v. Cain,* No. 14-1029, 2015 WL 770458, *3 (E.D. La. Feb. 23, 2015), *quoting Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991), in response to an inmate petitioner's generalized assertion that he had been denied due process when seeking amelioration of his sentence:

> Generally, a prisoner has no cognizable liberty interest in meaningful access to state

---

1    It is not clear from the record whether or to what extent Defendant Ranatza requested, obtained or reviewed pertinent documentation relative to Plaintiff's history and rehabilitation. It is certainly possible that Defendant had available a record pertaining to Plaintiff when she reviewed his pardon application.

> clemency mechanisms. *McKithen v. Brown*, 626 F.3d 143, 151 (2nd Cir. 2010). Simply put: "[A] prisoner has no liberty interest with respect to any procedures available to vindicate an interest in state clemency because clemency is inherently discretionary and subject to the whim, or grace, of the decisionmaker; it is, in other words, a form of relief to which a prisoner has no right." *Id.* at 151; *Brady v. Norris*, No. 5:08cv00147, 2008 WL 5002929 (E.D. Ark. Nov. 20, 2008) (noting that a prisoner "has no federal or state liberty interest in the possibility of obtaining parole, furlough or clemency, or any type of early release, and he is thus not entitled to any due process protections in connection with diminishment of those possibilities").

*Id.* at *3 note 23. It appears in this case that Louisiana law allows an inmate to apply for clemency and that Plaintiff utilized the available procedure to do so. The decisional law in this area, however, does not delimit any specific procedures that a State must follow in evaluating such an application, and it is clear that there is an "extremely low threshold of judicial reviewability" in the consideration thereof . *See Sepulvado v. Louisiana Bd. Of Pardons and Parole*, 171 Fed. Appx. 470 (5th Cir. 2006), *citing Faulder v. Texas Bd. of Pardons & Paroles*, 178 F.3d 343 (5th Cir. 1999). Thus, although Plaintiff had the right to have his pardon application evaluated and to have it not be rejected arbitrarily (as by the mere flipping of a coin, for example), it is clear that Plaintiff did not have a right to a hearing and did not have a right to any specific procedures in the evaluation thereof. Accordingly, in the absence of any allegations of fact suggesting that the Board of Pardons failed to review and consider his application before rejecting it, this claim is lacking in constitutional merit. *See id.* (explaining Louisiana's clemency procedures and rejecting a prisoner's challenge to the procedures in the absence of an allegation that his application had not been evaluated in fact or had been denied arbitrarily).

Finally, the Court concludes that Plaintiff's claim is not properly before the Court at this juncture in any event. Specifically, the law is clear that when a prisoner challenges a single parole or pardon board hearing as constitutionally defective and seeks either a new hearing or an immediate or earlier release from confinement, he must first pursue his claim in a federal habeas

corpus proceeding after exhaustion of state court post-conviction remedies. *Serio v. Members of Louisiana State Board of Pardons*, 821 F.2d 1112, 1117 (5th Cir. 1987). This is so even if the result of such a challenge would not entitle Plaintiff to earlier release but would only entitle him to a new hearing with proper procedural protections. *Id*. In the instant case, to the extent that Plaintiff's Complaint may be interpreted as asserting that the rejection of his 2016 pardon application was constitutionally unsound and that he should be granted another hearing – because he prays "to be given a fair opportunity to be heard" – this claim potentially challenges the specific outcome of his pardon application and seeks consideration in an entirely new hearing. Pursuant to *Serio*, it appears that Plaintiff must first pursue this claim in a federal habeas corpus proceeding and, accordingly, the instant claim for injunctive relief under 42 U.S.C. § 1983 is not properly before the Court and should be dismissed. *See Cook v. Collins*, 830 F. Supp. 348 (W.D. Tex. 1993) (dismissing a § 1983 Complaint that effectively sought habeas corpus relief in challenging a parole board decision). *See also Moore v. Booker*, 194 F.3d 1309 (5th Cir. 1999) (reiterating the rule set forth in *Serio v. Members of Louisiana State Board of Pardons, supra*).

## RECOMMENDATION

It is recommended that the Motion to Dismiss of Defendant Sheryl Ranatza (R. Doc. 17) be granted, dismissing Plaintiff's claims asserted against Defendant Ranatza, and that this action be dismissed.

Signed in Baton Rouge, Louisiana, on August 17, 2018.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**